**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **All Plastic, Inc. d/b/a Bud Bar Displays,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Guangdong Mayway Technology Co. Ltd.,**<br><br>**Defendant.** | **Case No. 1:26-cv-02965**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; AND**<br>**(2) FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)**<br><br>**Jury Trial Demanded** |

# COMPLAINT

Plaintiff, All Plastic, Inc. d/b/a Bud Bar Displays ("All Plastic"), for its complaint against Guangdong Mayway Technology Co. Ltd. ("Defendant"), alleges as follows:

## The Parties

1. All Plastic is a corporation organized and existing under the laws of the State of California with a principal place of business at 1141 Sunrise Gold Circle, Rancho Cordova, California, 95742.

2. On information and belief, Guangdong Mayway Technology Co. Ltd. is a Chinese company doing business under numerous storefronts using variations of the names "Mayway" or "Maywaysky" on e-commerce sites such as Alibaba.com and myShopify.com.

## Jurisdiction and Venue

3. This is an action for patent infringement and false advertising. This complaint arises under the Patent Act, 35 U.S.C. § 1, *et seq*., and the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act").

4. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121(a).

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District. For example, among other things, (i) Defendant has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing display containers to customers and/or potential customers in the United States, including in this District, at least through Defendant's e-commerce storefronts on Alibaba.com

and myShopify.com and through its social media accounts (example storefronts and social media sites listed in the attached Exhibit 1); (ii) Defendant has advertised that it sells and ships its goods to and throughout the United States, including as shown in Illustration 1 below; (iii) Defendant has advertised, marketed, and promoted its goods to customers in the United States, including in the State of Texas, and including as shown, for example, in Illustrations 2 and 3 below; (iv) Defendant's tortious acts giving rise to this lawsuit and harm to All Plastic have occurred and are occurring in the United States and in the State of Texas, including in this District; (v) Defendant acted with knowledge that its unauthorized use of All Plastic's rights would cause harm to All Plastic in the United States and in the State of Texas, including in this District; and (vi) Defendant's customers and/or potential customers reside in the United States and in the State of Texas, including in this District. This Court also has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because, *inter alia*, (i) All Plastic's claim arises under federal law; (ii) Defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (iii) exercising jurisdiction is consistent with the United States Constitution and laws.

| **Illustration 1: Excerpts from Defendant's Alibaba.com Storefront Discussing Sales to the United States (red annotations added) (Ex. 2)** | |
| --- | --- |
|   |  This is Guangdong Mayway Techonology Co.,Ltd.Our company is located in a beautiful city of Zhuhai, Guangdong province, China. We are the professonal factory of cone filling machine, Crayons. We specialized in selling reborn cone to all around the world such as Brazil, Insia, United State, Russia, Turkey. We have a professional and strong sales team to serve you. There are dedicated one-on-one customer service to answer the questions. There are more than five years production exper-ience of cone filling machine. We also accept OEM the cone filling machine. By the way, customize exclusive cone filling machine are available. Our master is professional to make the cone filling machine with superb craftsmanship to make sure the quality and realistic. |

**Illustration 2: Example of Defendant Marketing to Consumers in Texas (Ex. 3)**




**Illustration 3: Example of Defendant Marketing to Consumers in Texas (Ex. 4)**



6. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391, including because, at the least, Defendant is "not resident in the United States" and "may be sued in any judicial district." 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018); *see also Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972).

**All Plastic and its Intellectual Property**

7. All Plastic is a manufacturing company dedicated to producing containers and displays for a variety of industries and commercial customers, including retail establishments. It and its predecessors have been in operation for over 30 years and have a reputation as a provider of high-quality products, containers, and displays for many industries, including retail, hospitals, film, and archival, among others. All Plastic manufactures nearly all its products and components in the United States.

8. After medical cannabis became legal in California in 1996, All Plastic became one of the first domestic manufacturers of containers and displays for medicinal and recreational cannabis and hemp dispensaries. All Plastic has since become a leading manufacturer of containers and displays specifically for medicinal and recreational cannabis and hemp dispensaries. All Plastic's products are currently sold to legal cannabis and hemp purveyors across the United States (including in Texas and this District) and in other parts of the world, including, for example, in Canada and the Netherlands.

9. All Plastic has expended significant resources, time, and effort in developing, manufacturing, promoting, and selling its unique range of premium container and display products for the medicinal and recreational cannabis and hemp industries and has made significant innovations for the secure display of cannabis and hemp products. All Plastic has become well-

known in the industry for these innovative containers and displays, including the designs and technologies at issue in this lawsuit.

10. One of those innovative products is All Plastic's Puffer Pod® display container. Exemplary images of one of All Plastic's Puffer Pod® display containers are shown below.

| **Illustration 4: Exemplary Images of All Plastic's Puffer Pod® Display Container** | |
|---|---|
|  |  |
|  |  |

11. All Plastic's innovative products, including its Puffer Pod® display container and many of its other innovative display containers and products, are protected by one or more of All Plastic's numerous U.S. utility and design patents.

12. All Plastic's U.S. patents include, at least, U.S. Patent No. 11,905,069 ("the '069 Patent"), U.S. Patent No. 11,655,074 ("the '074 Patent"), U.S. Patent No. 11,235,909 ("the '909 Patent"), U.S. Patent No. 12,202,645 ("the '645 Patent"), and U.S. Patent No. 12,011,101 ("the

’101 Patent”), U.S. Design Patent No. D1,108,253 (“the D’253 Patent”), and U.S. Design Patent No. D1,130,100 (“the D’100 Patent”).

13. The U.S. Patent Application which issued as the ’069 Patent was filed on November 17, 2022. The ’069 Patent is titled “Display container for displaying a botanical specimen.” On February 20, 2024, the United States Patent and Trademark Office duly and legally issued the ’069 Patent. All Plastic owns the entire right, title, and interest to the ’069 Patent. A copy of the ’069 Patent is attached as Exhibit 5.

14. The U.S. Patent Application which issued as the ’074 Patent was filed on December 16, 2021. The ’074 Patent is titled “Display container for displaying a botanical specimen.” On May 23, 2023, the United States Patent and Trademark Office duly and legally issued the ’074 Patent. All Plastic owns the entire right, title, and interest to the ’074 Patent. A copy of the ’074 Patent is attached as Exhibit 6.

15. The U.S. Patent Application which issued as the ’909 Patent was filed on May 14, 2020. The ’909 Patent is titled “Display container for displaying a botanical specimen.” On February 1, 2022, the United States Patent and Trademark Office duly and legally issued the ’909 Patent. All Plastic owns the entire right, title, and interest to the ’909 Patent. A copy of the ’909 Patent is attached as Exhibit 7.

16. The U.S. Patent Application which issued as the ’645 Patent was filed on November 6, 2023. The ’645 Patent is titled “Display container for displaying a botanical specimen.” On January 21, 2025, the United States Patent and Trademark Office duly and legally issued the ’645 Patent. All Plastic owns the entire right, title, and interest to the ’645 Patent. A copy of the ’645 Patent is attached as Exhibit 8.

17. The U.S. Patent Application which issued as the ’101 Patent was filed on April 14,

2021. The ’101 Patent is titled “Container for providing aromatic sampling and visualization of contents.” On June 18, 2024, the United States Patent and Trademark Office duly and legally issued the ’101 Patent. All Plastic owns the entire right, title, and interest to the ’101 Patent. A copy of the ’101 Patent is attached as Exhibit 9.

18. The U.S. Design Patent Application which issued as the D’253 Patent was filed on July 26, 2024. The D’253 Patent is titled “Container.” On January 6, 2026, the United States Patent and Trademark Office duly and legally issued the D’253 Patent. All Plastic owns the entire right, title, and interest to the D’253 Patent. A copy of the D’253 Patent is attached as Exhibit 10. Exemplary figures from the D’253 Patent are shown in Illustration 5 below:

**Illustration 5: Exemplary Figures from the D’253 Patent**




19. The U.S. Design Patent Application which issued as the D’100 Patent was filed on June 25, 2025. The D’100 Patent is titled “Container.” On June 16, 2026, the United States Patent and Trademark Office duly and legally issued the D’100 Patent. All Plastic owns the entire right, title, and interest to the D’100 Patent. A copy of the D’100 Patent is attached as Exhibit 11. Exemplary figures from the D’100 Patent are shown in Illustration 6 below:

**Illustration 6: Exemplary Figure from the D'100 Patent**




**<u>Defendant's Unlawful Activities</u>**

20. Defendant has purposefully advertised, marketed, promoted, offered for sale, sold, used, distributed, manufactured, and/or imported into the United States, and on information and belief continues to purposefully advertise, market, promote, offer for sale, sell, use, distribute, manufacture, and/or import into the United States, products that violate All Plastic's rights, including All Plastic's patent rights. Defendant has also further falsely advertised its products, including by advertising, marketing, promoting, offering for sale, and selling products that were advertised and described to have materially different aspects than the infringing products that were shipped to customers.

21. Defendant's infringing products include its display containers, including at least an infringing display container that Defendant describes, e.g., as having a collapsible area to "press" ("Infringing Display Container A"), and at least another infringing display container that Defendant describes, e.g., as having a "cover" with "smell hole" ("Infringing Display Container B") (Infringing Display Container A and Infringing Display Container B, collectively "Infringing Products"). Exemplary images of examples of Defendant's Infringing Products are also shown below in Illustrations 7 and 8:

**Illustration 7: Exemplary Images of Defendant's Infringing Display Container A (bottom left from Ex. 18; bottom center, right from Ex. 12)**




**Illustration 8: Exemplary Images of Defendant's Infringing Display Container B (Ex. 13 (top left, top center); Ex. 14 (top right, bottom row))**



22. Additional exemplary images of Defendant's Infringing Products are also shown on Defendant's multiple e-commerce storefronts, including at least its storefronts on Alibaba.com and myShopify.com, as well as on its multiple social media pages, including at least on its Instagram, YouTube, TikTok, and Facebook pages. Example images from one of Defendant's storefronts on Alibaba.com are attached as Exhibit 12. Example excerpts from some of Defendant's current storefront listings are attached as Exhibits 13 and 14, and, on information and belief, a listing of current Defendant storefronts and social media accounts is attached as Exhibit 1.

23. On information and belief, each of the storefronts listed in Exhibit 1 is operated by Defendant. For example, many of the storefronts display the same "Maywaysky" logo, include "mayway" in the storefront domain name, and offer similar products for sale. At least some of these storefronts also reference the owner's name as "Guangdong Mayway Technology Co., Ltd."

24. On information and belief, the maywaysky.com website is also one of Defendant's websites. For example, the maywaysky.com website similarly identifies the owner as "Guangdong Mayway Technology Co., Ltd." and also provides the "Maywaypay@maywaysky.com" email address also referenced on Defendant's myShopify.com storefront for potential business inquiries:

**Illustration 9: Defendant's Contact Information on Maywaysky.com (Ex. 15)**




25. As with its many storefronts, Defendant uses many different names, descriptions, and iterations on those names and descriptions to advertise, offer, and sell its Infringing Products, including at least, for example, "Maywaysky Cannabisx Display for Dispensary Flower Box," "Maywaysky Herbal Storage Box Smell Hole With Magnifier Buds Display Box for Exhibition Dispensaries," "Maywaysky Herb Bar Display Jars Acrylic Buds Container Square Box with

Magnifier," "Maywaysky Herb Bar Display Jars Buds Flower for Dispensary," "Maywaysky Magnifier Flower Buds Pods Display with Transparent Design for Dispensary Display Box," "Maywaysky Buds Display with Magnifier Flexible PC Plastic Storage Box for Flower-Eco-Friendly Durable Waterproof."

***<u>Defendant's Infringing Display Container A</u>***

26. By at least July 2024, Defendant began advertising, marketing, promoting, offering for sale, selling, using, distributing, manufacturing, and/or importing to the United States its Infringing Display Container A, including through Defendant's storefronts on, for example, Alibaba.com and myShopify.com.

27. Example advertisements and descriptions from Defendant's Infringing Display Container A product listings on its Alibaba and myShopify.com storefronts appear below in Illustrations 10 and 11 and in Exhibits 12, 16, and 18.

28. Defendant's Infringing Display Container A infringes one or more claims of the '069 Patent, including at least claim 10; one or more claims of the '074 Patent, including at least claim 19; one or more claims of the '909 Patent, including at least claim 1; one or more claims of the '645 Patent, including at least claim 1; the claimed design of the D'253 Patent; and the claimed design of the D'100 Patent.

29. For example, and as shown at least in Illustration 10 and 11 below and in Exhibits 12, 16, and 18, Defendant has described and advertised its Infringing Display Container A as being a "display" container and having "Clear Viewing Panels: made from materials like acrylic or glass for product visibility."

**Illustration 10: Excerpts from Defendant Product Listings for the Infringing Display Container A on Defendant's Storefront on Alibaba.com (Ex. 18)**













**Illustration 11: Excerpt from Defendant Product Listing for the Infringing Display Container on its Storefront on myShopify.com (Ex. 16, Ex. B thereto)**

***Product Parameters:***

Name: Cannabisx display

Function: Observe, Show, Smell

Suitable for: Dispensary

***Features:***

- **Locking Mechanisms**: Secure locks to prevent unauthorized access.
- **Clear Viewing Panels**: Made from materials like acrylic or glass for product visibility.
- **Stylish Design**: Sleek and modern design to enhance the appeal of the product.
- **Air Hole/Vent**: Strategically placed air holes that allow customers to smell the cannabi while keeping the product secure inside the box.

30. As another example, and as shown in Illustrations 10 and 11 above, Defendant's Infringing Display Container A is a display container for displaying aromatic botanical specimens. Defendant has advertised that the Infringing Display Container As can display aromatic botanical specimens, such as "buds," "flowers," or "herbs". (*See, e.g.,* Exs. 12, 16, and 18).

31. Defendant's Infringing Display Container A also has a container body that encloses an interior space for storing the botanical specimen and having a scent of the botanical specimen, as can be seen for example in Illustrations 10 and 11 above. Further, at least a portion of the container body is transparent for viewing of the botanical specimen. In addition, Defendant's Display Container A can include a vented partition as shown in Illustration 10 above.

32. Defendant's Infringing Display Container A also has a magnifying lens for closer visual inspection of the botanical specimen, as can be seen in at least Illustrations 10 and 11 above. Defendant has also repeatedly advertised that its Infringing Display Container A has a "magnifier," including describing its product as, e.g., a "Maywaysky Buds Display Box with Magnifier" and as having a "Top Magnifier" which can be used for viewing a botanical specimen. (*See, e.g.,* Illustrations 10 and 11; Exs. 12, 16, and 18).

33. Defendant's Infringing Display Container A also has one or more scent discharge ports, including as can be seen in the examples in Illustrations 10 and 11 above. Defendant has also described these ports as "air holes" or "vents" for "customers to smell the cannabi *[sic]* while keeping the product secure inside the box." (*See, e.g.,* Illustrations 10 and 11; Exs. 12, 16, and 18).

34. Defendant's Infringing Display Container A further includes an air pump for discharging scented air through the scent discharge ports to the outer environment. For example, as shown, in Illustration 10 above, Defendant has advertised that a consumer can "Press" the air pump to discharge and then "smell" the scent. As another example, Defendant has described that

when pressed, the scent is discharged through "Air holes" or "vents" to "allow customers to smell the cannabi *[sic]* while keeping the product secure inside the box." (*See, e.g.,* Illustration 10).

35. Defendant has also touted the design and appearance of its Infringing Display Container A. For example, Defendant has praised the "[s]leek and modern design" and "stylish design" of the Infringing Display Container A. (*See, e.g.,* Illustration 11). As another example, Defendant has advertised that the design of its Infringing Display Container A is a "visually appealing" design. (Ex. 17.)

36. All Plastic initially directed purchase of an Infringing Display Container A from one of Defendant's myShopify storefronts (https://maywaysky.myshopify.com/products/maywaysky-buds-display-box-for-dispensary) on July 4, 2024. (*See* Ex. 18). On information and belief, Defendant used Alibaba's shipping and delivery service (Alibaba.com Logistics) to fulfill the July 4, 2024 order.

37. On July 23, 2024, after confirming infringement of the '074 Patent, All Plastic submitted a first Intellectual Property Rights ("IPR") Complaint against Defendant through Alibaba's IP Protection Platform ("IPP") for the Infringing Display Container A ("First IPR Complaint"). In the First IPR Complaint, All Plastic identified the '074 Patent, provided a claim chart comparing the Infringing Display Container A to all claims of the '074 Patent, and provided a table detailing Defendant's Alibaba.com listings offering the Infringing Display Container A for sale. The First IPR Complaint is attached as Exhibit 18.

38. On July 23, 2024, and July 26, 2024, Defendant responded to the First IPR Complaint by filing counter-notices. In the counter-notices, the Defendant argued that the Infringing Display Container A did not infringe.

39. Alibaba rejected both of Defendant's counter-notices and removed the listings for the Infringing Display Container A that All Plastic had identified in its First IPR Complaint. A compilation of Alibaba's communications with All Plastic regarding the First IPR Complaint is attached as Exhibit 19.

40. Nonetheless, and despite actual knowledge of All Plastic's patent rights, including at least the '074 Patent, Defendant continued to offer for sale the Infringing Display Container A, including on additional listings for the Infringing Display Container A on Alibaba.com.

41. On August 2, 2024, All Plastic submitted a Statement of Repeat Infringement to Alibaba.com and an updated copy of the First IPR Complaint. The August 2, 2024 Statement of Repeat Infringement and updated First IPR Complaint are attached as Exhibit 20. All Plastic again identified its rights, including at least the '074 Patent, again explained that Defendant's Infringing Display Container As infringed, and also provided a table identifying the additional listings for the Infringing Display Container A. (Ex. 20, at 51-52).

42. In the August 2, 2024 Statement of Repeat Infringement, All Plastic also explained that "the seller of the listings of the present IPR Complaint is also the same as the seller of the removed listings referenced above [from the First IPR Complaint]. Accordingly, the seller, Guangdong Mayway Technology Co., Ltd. (100001308947), should reasonably be aware that the products being made available in the listings of the present IPR Complaint infringe the patentee's IPR [Intellectual Property Rights]." (Ex. 20, at 1).

43. In addition to the '074 Patent, All Plastic provided a list of other relevant All Plastic patents, which included at least the '909 Patent and the '069 Patent. (Ex. 20).

44. On August 4, 2024, August 7, 2024, and August 12, 2024, Defendant responded to All Plastic's Statement of Repeat Infringement with counter-notices. Alibaba again rejected all

three of Defendant's counter-notices and removed the additional listings of the Infringing Display Container A that All Plastic had identified in its Statement of Repeat Infringement. (Ex. 21).

45. Nonetheless, and despite actual knowledge of All Plastic's patent rights, Defendant continued to offer for sale the Infringing Display Container A, including on at least its storefront on the e-commerce platform myShopify.com.

46. On August 19, 2024 Eastern Daylight Time ("EDT"), All Plastic contacted Defendant's corporate representative by e-mail to "Maywaypay@maywaysky.com." A copy of the email exchange is attached as Exhibit 22 (appearing as Aug. 20, 2024 under Chinese Standard Time ("CST")).

47. In the August 19, 2024 email, All Plastic attached a cease-and-desist letter ("2024 Letter"). A copy of the 2024 Letter is attached as Exhibit 16.

48. In the 2024 Letter, All Plastic identified several of Defendant's listings for the Infringing Display Container A on Defendant's storefront on the e-commerce platform myShopify.com and informed Defendant that the Infringing Display Container A infringed All Plastic's patent rights, including at least the '074 Patent. (Ex. 16).

49. On August 23, 2024 EDT, Defendant responded to the 2024 Letter by email. Defendant, through its "Maywaysky Official" email address, stated that Defendant was "first of all" "so sorry." Defendant also appeared to recognize that "our products were infringing," and confirmed that "after checking your patent description, we have stopped selling them." Defendant further stated that it had "deleted all relevant information" for the Infringing Display Container A. (Ex. 22). An excerpt of the email is shown below in Illustration 12:

**Illustration 12: Aug. 23, 2024 Email from Defendant (Ex. 22)**

**From:** Maywaypay <Maywaypay@maywaysky.com>
**Sent:** Friday, August 23, 2024 3:29 AM
**To:** Cao, John <John.Cao@wbd-us.com>
**Subject:** 回复：Letter to Lidan Yang, Legal Representative of Guangdong Mayway Technology Co., Ltd.

Hello, first of all, I'm so sorry. We didn't know that our products were infringing.
After checking your patent description, we have stopped selling them.
At the same time, We have deleted all the relevant information.
Do you have anything else to add or discuss?

***Extend greetings***
***Maywaysky Official***
Cone Filling System
What's app: +8618926922180

50. On August 27, 2024 CST, All Plastic responded to Defendant's e-mail confirming one of the listings appeared to have been removed, and requesting that Defendant also remove images from Defendant's other listings showing the same infringing product be removed. (Ex. 22).

51. On August 26, 2024 EDT, in response to All Plastic's email described in Paragraph 50 above, Defendant again responded by email from Maywaypay@maywaysky.com and confirmed that "[a]ll of the links you mentioned have been deleted." (Ex. 22).

52. On or before October 6, 2025, All Plastic discovered that Defendant was, at least, using the Infringing Display Container A on Defendant's seller profile pages on Alibaba.com. All Plastic reported the images of the Infringing Display Container A to Alibaba on October 6, 2025. (Ex. 23).

53. Alibaba notified All Plastic that Alibaba had "sent the infringement notice to the store and requested them to remove the infringement information." (Ex. 23).

***<u>Defendant's Infringing Display Container B</u>***

54. In 2025, All Plastic discovered that Defendant was listing a new product for sale on its storefront on Alibaba.com: the Infringing Display Container B.

55. Example advertisements and descriptions from Defendant's Infringing Display Container B product listings on its Alibaba and myShopify.com storefronts appear below in Illustrations 13 and 14.

56. Defendant's Infringing Display Container B infringes one or more claims of the '069 Patent, including at least claim 10; one or more claims of the '074 Patent, including at least claim 19; one or more claims of the '645 Patent, including at least claim 1; one or more claims of the '101 Patent, including at least claim 20; and the claimed design of the D'100 Patent.

57. For example, and as shown at least in Illustration 13 and 14 below and in Exs. 13 and 24. Defendant has described and advertised its Infringing Display Container B as a "storage box" "made of **durable acrylic material**" (emphasis original), "featuring a smell hole with a magnifier for easy observation," having a "transparent design," and "perfect for organizing and displaying buds, tea, herbs, or small valuables."

**Illustration 13: Excerpt from Defendant Product Listing for the Infringing Display Container B on Defendant's Storefront on myShopify.com (Ex. 24, at 2)**

Features:

- Suitable for storing and displaying herbs/flowers to show to customers
- You can smell it and observe it through a magnifying glass
- High-quality acrylic, brighter and clearer, restores the real state
- Anti-theft design at the bottom, no need to worry about theft problem

| Illustration 14: Excerpt from Defendant Product Listing for the Infringing Display Container B on Defendant's Storefront on Alibaba.com (Ex. 13) |
|---|
| **Feature highlights:** This Maywaysky Herbal Storage Box is made of **durable acrylic material**, featuring a smell hole with a magnifier for easy observation. Its transparent design and square shape offer a minimalist and modern aesthetic, perfect for organizing and displaying buds, tea, herbs, or small valuables. The compact and portable design makes it travel-friendly, while the **humidity-control ready space** ensures optimal moisture levels. Suitable for business gifts and multipurpose use. |

**Illustration 15: Excerpts from Defendant Product Listing for the Infringing Display Container B on Defendant's Storefront on Alibaba.com (Ex. 13)**






58. As another example, and as shown in Illustrations 13, 14 and 15 above, Defendant's Infringing Display Container B is a container which encloses an interior space for storing a botanical specimen. Defendant has advertised that the Infringing Display Container B can display "buds, teas, [or] herbs," including as shown in Illustration 14 above. In addition, Defendant's Display Container B can include a vented partition as shown in Illustration 15 above.

59. Defendant's Infringing Display Container B also has a magnifying lens for closer visual inspection of the botanical specimen, as can be seen for example in Illustration 15 above, Defendant has repeatedly advertised a "Top Magnifier" on its product for "meticulous" "observation" and so that "everything is clearly visible." (Ex. 13).

60. Defendant's Infringing Display Container B has one or more scent discharge ports, as can be seen for example in Illustration 15 above. Defendant has described these ports as, for example, "smell holes." (Ex. 13).

61. Defendant's Infringing Display Container B further includes a "button" and "spring[s]" which, on information and belief, appear to act as an air pump to allow an "air tight" seal to "lock[] in" the aroma in one position and release of the aroma in another position, as can be seen for example in Illustration 15 above.

62. On August 19, 2025, All Plastic submitted a second IPR Complaint against Defendant through Alibaba's IPP for the Infringing Display Container B ("Second IPR Complaint"). In the Second IPR Complaint, All Plastic identified the '069 Patent and provided a claim chart comparing the Infringing Display Container B to enumerated claims of the '069 Patent and a table detailing Defendant's Alibaba.com listings offering the Infringing Display Container B for sale. The Second IPR Complaint is attached as Exhibit 25.

63. At the time All Plastic submitted the Second IPR Complaint, All Plastic had not been able to obtain a sample of the Infringing Display Container B.

64. On August 20, 2025, Defendant responded to the Second IPR Complaint by filing a counter-notice. In the counter-notice, Defendant argued that the Infringing Display Container B did not infringe the '069 Patent because the Infringing Display Container B did not resemble the figures shown in the '069 Patent.

65. Alibaba accepted the counter-notice and left the listings for the Infringing Display Container B that All Plastic had identified in the Second IPR Complaint online. Notifications from Alibaba regarding the Second IPR Complaint are collected in Exhibit 26.

66. On September 18, 2025, All Plastic submitted a counter-appeal to remove the Infringing Display Container B. All Plastic clarified that it was the claims of the ’069 Patent that were enforceable, not the figures, and that the Infringing Display Container B had all of the aspects of at least claim 10 and claim 15 of the ’069 Patent. All Plastic’s counter-appeal is attached as Exhibit 27.

67. Alibaba rejected All Plastic’s counter-appeal and left the listings for the Infringing Display Container B that All Plastic had identified in the Second IPR Complaint online. (Ex. 26).

68. On October 1, 2025, All Plastic again contacted Defendant’s corporate representative by e-mail to “Maywaypay@maywaysky.com.” A copy of the email is attached as Exhibit 28.

69. In the October 1, 2025 email, All Plastic attached a second cease-and-desist letter (“2025 Letter”). A copy of the 2025 Letter is attached as Exhibit 29.

70. In the 2025 Letter, All Plastic identified several of Defendant’s listings for the Infringing Display Container B on Defendant’s storefronts on both myShopify.com and Alibaba.com, and informed Defendant that the Infringing Display Container B infringed at least one claim of the ’069 Patent, the ’645 Patent, the ’101 Patent, among others. (Ex. 29). All Plastic requested that Defendant remove all myShopify.com and Alibaba.com listings for the Infringing Display Container B. (*See* Ex. 29 (product listings shown at 93-94)).

71. All Plastic did not receive a response to the 2025 Letter.

***<u>Defendant’s False and Misleading Advertisements</u>***

72. Defendant has also used and, on information and belief continues to use, statements and images that are false and/or misleading with the intent of influencing potential customers to purchase the Infringing Products.

73. For example, beginning in no later than 2024, Defendant advertised its display containers using images of All Plastic's patented products. For example, Defendant advertised on its myShopify.com storefront the "[a]rrival" of Defendant's "New…Bud Display Box With Security Counter." While Defendant advertised that it was "excited to unveil ***our*** new Buds Display Box" (emphasis added), Defendant showed images of both its Display Container A and an image of ***All Plastic's*** patented Puffer Pod® display container, which All Plastic had customized with the name of one of All Plastic's customers. Defendant's false or misleading post misrepresented the nature and characteristics of its goods and commercial activities, and can be seen in Illustration 16 below:

**Illustration 16: Excerpt from Defendant's Advertisement of Defendant's "New" "Display Box" Using Image of All Plastic's Puffer Pod® Display Container on Defendant's myShopify.com storefront (Ex. 17)**



74. In addition, Defendant also advertised a "Maywaysky Buds Display Box For Dispensary Exhibition" on its myShopify.com storefront, including at, including at https://maywaysky.myshopify.com/products/maywaysky-buds-displaybox-for-dispensary-exhibition. An excerpt of this link from around November 2025 is shown below in Illustration 17. At the link, Defendant showed and described its Infringing Display Container B with a "cover" for the air holes. The link did not mention or depict the Infringing Display Container A or its collapsible area to "press" to release smell.

**Illustration 17: Exemplary Image of the Infringing Display Container B Shown in Defendant Product Listing on myShopify.com (Ex. 24, at 2)**




75. On or around November 13, 2025, All Plastic placed an order through Defendant's storefront on myShopify.com from the listing (https://maywaysky.myshopify.com/products/maywaysky-buds-displaybox-for-dispensary-

exhibition) that advertised and showed an Infringing Display Container B ("November 2025 Order").

76. On November 19, 2025, All Plastic received a shipping confirmation for this purchase, as shown below in Illustrations 18 and 19. The order confirmation again depicts and advertises the ordered product is the Infringing Display Container B.

**Illustration 18: November 19, 2025 Shipping Confirmation E-mail for Infringing Display Container B from Defendant's myShopify.com Listing (Ex. 24, at 3)**

**From:** Maywaysky Cone Filling Machine <store+61157179553@t.shopifyemail.com>
**Sent:** Wednesday, November 19, 2025 8:18 PM
**To:** cheryl allplasticinc.com <cheryl@allplasticinc.com>
**Subject:** A shipment from order #1148 is on the way

Maywaysky Cone Filling Machine ORDER #1148

Your order is on the way

Your order is on the way. Track your shipment to see the delivery status.

View your order

or Visit our store

Tracking number: UUS5BF0552332350104

Items in this shipment


**Maywaysky Buds Display Box For Dispensary Exhibition × 2**

If you have any questions, reply to this email or contact us at Officialsale01@maywaysky.com

**Illustration 19: Zoomed-in excerpt from Shipping Confirmation Email showing that the ordered and advertised product does not have a collapsible area to "press" (Ex. 24, at 3) (red annotations added)**




77. On or around November 23, 2025, All Plastic received the shipment for the November 2025 Order at All Plastic's U.S. headquarters. The package was marked with a shipping label displaying "Alibaba.com Logistics," as shown below:

**Illustration 20: Shipping Label for November 2025 Order from Defendant's myShopify.com Listing (Ex. 24, at 3)**



(full image of label)



(zoomed in)

78. On information and belief, Defendant used Alibaba's shipping and delivery services (Alibaba.com Logistics) to fulfill the November 2025 Order from Defendant's myShopify.com storefront (https://maywaysky.myshopify.com/products/maywaysky-buds-displaybox-for-dispensary-exhibition). (*See* Ex. 24, at 3).

79. When All Plastic opened the package, All Plastic discovered that the shipped product was ***not*** the advertised Infringing Display Container ***B***, but instead the Infringing Display Container ***A***—the same product that Defendant had, over a year before, agreed infringed All Plastic's patent rights and represented that Defendant had "stopped selling them." (*See, e.g.*, Illustration 12). An image of the received product is shown below in Illustration 21.

**Illustration 21: Exemplary Images of Received Infringing Display Container A from November 2025 Order from Defendant's myShopify.com Listing**



80. On or around February 6, 2026, All Plastic sent a letter to Alibaba notifying Alibaba of Defendant's continued infringing activity ("February 2026 Letter to Alibaba"). In the notice, All Plastic provided details about the November 2025 Order, including that Alibaba.com Logistics appeared to have provided shipping and delivery services for Defendant to fulfill the order. All Plastic also described the differences between the advertised and received products. All Plastic further reminded Alibaba that Alibaba had previously taken down Alibaba.com listings for the Infringing Display Container A based on the '074 Patent (Ex. 30; *see supra* ¶¶ 37-44). All Plastic also again provided notice of All Plastic's other patents, including, but not limited to, the '909 Patent, the '069 Patent, the '645 Patent, the '101 Patent, and the D'253 Patent. All Plastic also provided exemplary claim charts showing both Infringing Products. The February 2026 Letter to Alibaba is attached as Exhibit 30.

81. On or around February 6, 2026, All Plastic also sent a letter to Defendant via e-mail at Maywaypay@maywaysky.com ("February 2026 Letter to Defendant"). The February 2026 Letter to Defendant is attached as Exhibit 24. In the letter, All Plastic provided details about its November 2025 Order, the differences between the advertised and received products, and requested that Defendant take down all of Defendant's myShopify.com listings for the Infringing

Display Container B. All Plastic again provided notice of All Plastic's other patents, including, but not limited to, the '909 Patent, the '069 Patent, the '645 Patent, the '101 Patent, and the D'253 Patent. All Plastic also provided exemplary claim charts showing both Infringing Products.

82. On February 8, 2026, Defendant responded to All Plastic via e-mail. Defendant claimed that Defendant did not operate the Mayway storefront on myShopify.com. Defendant also asserted that "Alibaba International Station has already stopped selling the patent-infringing product," referring to the Infringing Display Container A. Defendant's response is attached as Exhibit 31.

83. On information and belief, Defendant's claim that it did not operate the Mayway storefront on myShopify.com was false. For example, All Plastic's 2024 and 2025 orders were both ordered from the same maywaysky.myShopify storefront. As another example, Defendant's February 8, 2026 response also came from the same email address—Maywaypay@maywaysky.com—as Defendant's emails during the 2024 email exchange. (*Compare* Ex. 22 *with* 31; *supra*, ¶¶ 46-51).

84. On information and belief, Defendant's storefront on myShopify.com remains online and continues to advertise the Infringing Display Container B.

85. Meanwhile, on January 21, 2026, All Plastic's counsel placed an order for the Infringing Display Container B from Defendant's storefront on Alibaba.com. The January 21, 2026, order confirmation is attached as Exhibit 32 and excerpted below:

**Illustration 22: January 21, 2026 Order of Infringing Display Container B from Defendant's Alibaba.com Storefront (Ex. 32)**

Sold by: Guangdong Mayway Technology Co., Ltd. Chat now

| Product name | Spec/Specs | Unit price | Quantity | Total |
|---|---|---|---|---|
| Maywaysky Herbal Storage Box Smell Hole With Magnifier Buds Display Box for Exhibition Dispensaries | color: Transparent | USD 15.0000 /Boxs | 1.00 | USD 15.00 |

Product Quantity: **1.00** Total Price: **USD 15.00**

Payment details

**Payment status**

Full payment (USD 15.00)

Credit/debit card

Paid on 2026-01-21 10:38:24

Supplier details

| Supplier | Contact name |
|---|---|
| Guangdong Mayway Technology Co., Ltd. | Mayway sky |
| **Visit store** | **Chat now** |

86. When the January 21, 2026, order arrived, All Plastic's counsel discovered that Defendant had once again shipped the Infringing Display Container ***A*** instead of the Infringing Display Container ***B***, as shown in Illustration 23 below.

**Illustration 23: Exemplary Images of Received Infringing Display Container A from Jan. 21, 2026 Order from Defendant's Alibaba.com Listing**



87. On March 11, 2026, All Plastic filed a third IPR Complaint ("Third IPR Complaint") with Alibaba. The Third IPR Complaint reported that All Plastic's counsel had ordered an Infringing Display Container B, but had received an Infringing Display Container ***A***. All Plastic provided a claim chart showing that *both* the Infringing Display Container B and Infringing Display Container A infringed multiple claims of the '069 Patent. All Plastic further included an image of Defendant's August 23, 2024 email (Ex. 33, at 1; *see* Ex. 22; *supra* ¶¶ 48-51), where Defendant admitted that the Infringing Display Container A infringed All Plastic's intellectual property. The Third IPR Complaint is attached as Exhibit 33.

88. On March 11, 2026, Defendant counter-noticed the Third IPR Complaint. Defendant argued that the Infringing Display Container B, as listed on its Alibaba.com storefront, did not infringe the '069 Patent. Defendant did not acknowledge that the product ultimately shipped was not the Infringing Display Container B, but the Infringing Display Container A, despite All Plastic putting images of both products in the Third IPR Complaint.

89. Defendant's Alibaba.com storefront continues to advertise and offer the Infringing Display Container B for sale. A list of Defendant's recent Alibaba.com Infringing Display Container B listings is found in Exhibit 1.

90. On information and belief, at least one customer of All Plastic has ordered the Infringing Display Container A or the Infringing Display Container B from Defendant.

91. On information and belief, Defendant knew of All Plastic's Asserted Patents and its infringements, including at least as described in the paragraphs above. For example, as shown in at least Illustration 16 above, Defendant knew of All Plastic's patented Puffer Pod® display container and even used an image of All Plastic's patented Puffer Pod® display container to falsely advertise Defendant's display containers. As shown in at least Illustration 4 above, All Plastic's

Puffer Pod® display containers include a patent marking. As another example, the Asserted Patents are included on All Plastic's patent marking page, https://www.budbardisplays.com/patents. As another example, and including at least as described above, Defendant repeatedly received actual notice of All Plastic's patent rights and All Plastic's infringement allegations, yet, despite that knowledge, Defendant has continued to use, offer to sell, sell, make, and/or import its Infringing Products.

**Count I:**
**Patent Infringement of U.S. Patent No. 11,905,069 Under 35 U.S.C. § 271**

92. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

93. Defendant has infringed and continues to infringe the '069 Patent in violation of at least 35 U.S.C. § 271(a), at least by using, selling, offering to sell, making, and/or importing into the United States the Infringing Products, which include either literally or through the doctrine of equivalents each and every element of one or more claims of the '069 Patent, including at least claim 10.

94. For example, claim 10 of the '069 Patent recites "[a] display container for displaying an aromatic botanical specimen," comprising "a) a container body including a lower portion and an upper portion detachably mounted to the lower portion to enclose an interior for storing the botanical specimen and scented air having a scent of the botanical specimen, the upper portion including a top wall extending overtop of the interior and through which the botanical specimen is viewable, b) at least one scent discharge port passing through the upper portion for providing fluid communication between the interior and an outside environment to facilitate sampling of the scented air; and c) a vented partition separating the interior vertically into an upper compartment above the vented partition for containing the botanical specimens, and a lower

compartment covered by the vented partition for containing one or more objects in fluid communication with the upper compartment through the vented partition."

95. The Infringing Products infringe at least claim 10 of the '069 Patent because they are "display container[s] for displaying an aromatic botanical specimen" that include all of the claim elements of at least claim 10, either literally or through the doctrine of equivalents, including "a container body including a lower portion and an upper portion detachably mounted to the lower portion to enclose an interior for storing the botanical specimen and scented air having a scent of the botanical specimen, the upper portion including a top wall extending overtop of the interior and through which the botanical specimen is viewable," "at least one scent discharge port passing through the upper portion for providing fluid communication between the interior and an outside environment to facilitate sampling of the scented air," and "a vented partition separating the interior vertically into an upper compartment above the vented partition for containing the botanical specimens, and a lower compartment covered by the vented partition for containing one or more objects in fluid communication with the upper compartment through the vented partition."

96. For example, the Infringing Products are display containers for displaying an aromatic botanical specimen. The Infringing Products have a container body which includes a lower portion and an upper portion detachably mounted to the lower portion, enclosing an interior for storing the botanical specimen and scented air having a scent of the botanical specimen. The Infringing Products have an upper portion including a top wall extending overtop of the interior and through which the botanical specimen is viewable. The Infringing Products further have at least one scent discharge port passing through the upper portion for providing fluid communication between the interior and an outside environment to facilitate sampling of the scented air. The Infringing Products further have a vented partition separating the interior vertically into an upper

compartment above the vented partition for containing the botanical specimens, and a lower compartment covered by the vented partition for containing one or more objects in fluid communication with the upper compartment through the vented partition.

97. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

98. Defendant's infringement of the '069 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the '069 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Products.

99. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

100. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

101. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II:**
**Patent Infringement of U.S. Patent No. 11,655,074 Under 35 U.S.C. § 271**

102. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

103. Defendant has directly infringed and continues to infringe one or more claims of the '074 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Products are display

containers which includes all of the claim elements of at least one or more claims of the '074 Patent, either literally or through the doctrine of equivalents.

104. For example, claim 19 of the '074 Patent recites "[a] display container for displaying an aromatic botanical specimen," comprising "a) a container body enclosing an interior space for storing the botanical specimen and scented air having a scent of the botanical specimen, at least a portion of the container body being generally transparent for viewing of the botanical specimen; b) at least one scent discharge port passing through the container body between the interior space and an environment exterior the container body, the at least one scent discharge port fixed in position relative to the interior space; and c) an air pump coupled to the container body and manually operable to urge discharge of the scented air from the interior space to the environment through the at least one scent discharge port."

105. The Infringing Products infringe at least claim 19 of the '074 Patent because they are "display container[s] for displaying an aromatic botanical specimen," comprising "a) a container body enclosing an interior space for storing the botanical specimen and scented air having a scent of the botanical specimen, at least a portion of the container body being generally transparent for viewing of the botanical specimen; b) at least one scent discharge port passing through the container body between the interior space and an environment exterior the container body, the at least one scent discharge port fixed in position relative to the interior space; and c) an air pump coupled to the container body and manually operable to urge discharge of the scented air from the interior space to the environment through the at least one scent discharge port."

106. For example, the Infringing Products are display containers for displaying an aromatic botanical specimen. The Infringing Products each have a container body enclosing an interior space for storing the botanical specimen and scented air having a scent of the botanical

specimen, at least a portion of the container body being generally transparent for viewing of the botanical specimen. The Infringing Products each further have at least one scent discharge port passing through the container body between the interior space and an environment exterior the container body, the at least one scent discharge port fixed in position relative to the interior space. The Infringing Products also each have an air pump coupled to the container body and manually operable to urge discharge of the scented air from the interior space to the environment through the at least one scent discharge port.

107. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

108. Defendant's infringement of the '074 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the '074 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Products.

109. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

110. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

111. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. 11,235,909 Under 35 U.S.C. § 271**

112. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

113. Defendant has directly infringed and continues to infringe one or more claims of the ’909 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Display Container A is a display container which includes all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents.

114. For example, claim 1 of the ’909 Patent recites “[a] display container for displaying an aromatic botanical specimen,” comprising “a) a container body for enclosing the botanical specimen and scented air having a scent of the botanical specimen, at least a portion of the container body generally transparent to facilitate viewing of the botanical specimen; b) at least one scent discharge port in the container body; and c) an air pump coupled to the container body, the air pump cooperating with the container body to define an interior volume of the display container, wherein the air pump is movable between an expanded state and a contracted state, and movement of the air pump toward the contracted state reduces the interior volume for discharging the scented air from within the container body through the at least one scent discharge port, wherein the interior volume comprises an air chamber of the air pump, and wherein movement of the air pump to the contracted state collapses the air chamber, wherein the air pump comprises a resiliently deformable bulb mounted to the container body, the bulb having a bulb interior defining the air chamber, and wherein when the air pump is in the expanded state, the bulb projects outwardly from an exterior surface of the container body and is depressible inwardly toward the container body to move the air pump toward the contracted state and collapse the air chamber.”

115. The Infringing Display Container A infringes at least claim 1 of the ’909 Patent because it is “[a] display container for displaying an aromatic botanical specimen,” comprising “a container body for enclosing the botanical specimen and scented air having a scent of the botanical specimen, at least a portion of the container body generally transparent to facilitate viewing of the botanical specimen,” “at least one scent discharge port in the container body,” “an air pump coupled to the container body, the air pump cooperating with the container body to define an interior volume of the display container, wherein the air pump is movable between an expanded state and a contracted state, and movement of the air pump toward the contracted state reduces the interior volume for discharging the scented air from within the container body through the at least one scent discharge port,” “wherein the interior volume comprises an air chamber of the air pump, and wherein movement of the air pump to the contracted state collapses the air chamber,” “wherein the air pump comprises a resiliently deformable bulb mounted to the container body, the bulb having a bulb interior defining the air chamber,” and “wherein when the air pump is in the expanded state, the bulb projects outwardly from an exterior surface of the container body and is depressible inwardly toward the container body to move the air pump toward the contracted state and collapse the air chamber.”

116. The Infringing Display Container A infringes at least claim 1 of the ’909 Patent because it is a display container for displaying an aromatic botanical specimen. The Infringing Display Container A has a container body for enclosing the botanical specimen and scented air having a scent of the botanical specimen, where at least a portion of the container body is generally transparent to facilitate viewing of the botanical specimen. The Infringing Display Container A has at least one scent discharge port in the container body and an air pump coupled to the container body. The air pump of the Infringing Display Container A cooperates with the container body to

define an interior volume of the display container, wherein the air pump is movable between an expanded state and a contracted state, and movement of the air pump toward the contracted state reduces the interior volume for discharging the scented air from within the container body through the at least one scent discharge port, wherein the interior volume comprises an air chamber of the air pump. Movement of the air pump of the Infringing Display Container A to the contracted state collapses the air chamber, wherein the air pump comprises a resiliently deformable bulb mounted to the container body, the bulb having a bulb interior defining the air chamber, wherein when the air pump is in the expanded state, the bulb projects outwardly from an exterior surface of the container body and is depressible inwardly toward the container body to move the air pump toward the contracted state and collapse the air chamber.

117. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

118. Defendant's infringement of the '909 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the '909 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Display Container A.

119. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

120. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

121. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Patent No. 12,202,645 Under 35 U.S.C. § 271**

122. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

123. Defendant has directly infringed and continues to infringe one or more claims of the ’645 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Products are display containers which include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents.

124. For example, claim 1 of the ’645 Patent recites “[a]n insert for a display container,” comprising “a) a vented partition positionable in an interior of the display container to separate the interior into a first compartment for containing a botanical specimen viewable through the display container and a second compartment in fluid communication with the first compartment through the vented partition; and b) a specimen retainer coupled to and projecting from the vented partition into the first compartment for retaining the botanical specimen thereon.”

125. The Infringing Products infringe at least claim 1 of the ’645 Patent because they include “[a]n insert for a display container,” comprising “a) a vented partition positionable in an interior of the display container to separate the interior into a first compartment for containing a botanical specimen viewable through the display container and a second compartment in fluid communication with the first compartment through the vented partition,” and “b) a specimen retainer coupled to and projecting from the vented partition into the first compartment for retaining the botanical specimen thereon.”

126. For example, the Infringing Products include an insert for a display container. The insert of the Infringing Products comprises a vented partition positionable in an interior of the display container to separate the interior into a first compartment for containing a botanical specimen viewable through the display container and a second compartment in fluid communication with the first compartment through the vented partition and a specimen retainer coupled to and projecting from the vented partition into the first compartment for retaining the botanical specimen thereon.

127. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

128. Defendant's infringement of the '645 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the '645 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Products.

129. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

130. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

131. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. 12,011,101 Under 35 U.S.C. § 271**

132. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

133. Defendant has directly infringed and continues to infringe one or more claims of the ’101 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Display Container B is a display container which includes all of the claim elements of at least claim 20, either literally or through the doctrine of equivalents.

134. For example, claim 20 of the ’101 Patent recites “[a] display container for botanical samples,” comprising “a) an enclosure having an interior chamber for storing a botanical sample and an integrated lens overlying the chamber for viewing of the botanical sample; b) one or more scent ports extending through the enclosure between the chamber and an outside environment, the one or more scent ports spaced apart from the lens; and c) a plug mounted to the enclosure and sealing the one or more scent ports, at least a portion of the plug being movable away from the enclosure to expose the one or more scent ports for sampling an aroma of the botanical sample.”

135. The Infringing Display Container B infringes at least claim 20 of the ’101 Patent because it is “[a] display container for botanical samples,” comprising “an enclosure having an interior chamber for storing a botanical sample and an integrated lens overlying the chamber for viewing of the botanical sample,” “one or more scent ports extending through the enclosure between the chamber and an outside environment, the one or more scent ports spaced apart from the lens,” “a plug mounted to the enclosure and sealing the one or more scent ports, at least a portion of the plug being movable away from the enclosure to expose the one or more scent ports for sampling an aroma of the botanical sample.”

136. For example, the Infringing Display Container B is a display container for botanical samples, where the display container comprises an enclosure which has an interior chamber for storing a botanical sample and an integrated lens overlying the chamber for viewing of the botanical sample. The Infringing Display Container B further has one or more scent ports extending through the enclosure between the chamber and an outside environment, with the one or more scent ports spaced apart from the lens. The Infringing Display Container B has a plug mounted to the enclosure and sealing the one or more scent ports, at least a portion of the plug being movable away from the enclosure to expose the one or more scent ports for sampling an aroma of the botanical sample.

137. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

138. Defendant's infringement of the '101 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the '101 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Display Container B.

139. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

140. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

141. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**
**Patent Infringement of U.S. Patent No. D1,108,253 Under 35 U.S.C. § 271**

142. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

143. Defendant has directly infringed and continues to infringe the D'253 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Display Container A is a display container which is covered by the claim of the D'253 Patent.

144. The Infringing Display Container A infringes the D'253 Patent because the overall appearances of the Infringing Display Container A is substantially the same as the overall appearance of the design of the D'253 Patent, and an ordinary observer would perceive the overall appearance of the Infringing Display Container A to be substantially the same as the overall appearance of the design of the D'253 Patent.

145. Defendant's acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic's rights, and will continue unless enjoined by this Court.

146. Defendant's infringement of the D'253 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the D'253 Patent and All Plastic's infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Display Container A.

147. This is an exceptional case in view of Defendant's unlawful activities, including its intentional, willful, and malicious infringement.

148. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

149. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Patent No. D1,130,100 Under 35 U.S.C. § 271**

150. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

151. Defendant has directly infringed and continues to infringe the D’100 Patent in violation of 35 U.S.C. § 271(a) because the Infringing Products are display containers which are covered by the claim of the D’100 Patent.

152. The Infringing Products infringe the D’100 Patent because the overall appearances of the Infringing Products are substantially the same as the overall appearance of the design of the D’100 Patent, and an ordinary observer would perceive the overall appearances of the Infringing Products to be substantially the same as the overall appearance of the design of the D’100 Patent.

153. Defendant’s acts of infringement have been without express or implied license by All Plastic, are in violation of All Plastic’s rights, and will continue unless enjoined by this Court.

154. On information and belief, Defendant’s infringement of the D’100 Patent has been intentional, willful, and malicious. For example, Defendant received actual and/or constructive notice of the D’100 Patent and All Plastic’s infringement allegations, yet, despite that knowledge, continued to make, use, offer to sell, sell, and/or import into the United States the Infringing Products.

155. On information and belief, this is an exceptional case in view of Defendant’s unlawful activities, including its intentional, willful, and malicious infringement.

156. All Plastic has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

157. Defendant also has caused, is causing, and will continue to cause irreparable harm to All Plastic for which there is no adequate remedy at law and for which All Plastic is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**False Advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

158. All Plastic realleges and reincorporates the allegations set forth in paragraphs 1 through 91 as though fully set forth herein.

159. Based on the activities described above, including at least Defendant its display containers with images of both its and All Plastic's product, and including at least Defendant shipping the Infringing Display Container A instead of the Infringing Display Container B advertised on Defendant's storefronts, Defendant has engaged in false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

160. Defendant's descriptions and representations of fact in connection with its advertisement, promotion, and offer or sale of its display containers are false and misleading, including, for example, Defendant advertising, offering, and selling its Infringing Display Container B while shipping a different product, the Infringing Display Container A, and including, for example, Defendant advertising and promoting Defendant's display containers using images of both its and All Plastic's display container. These descriptions and statements are literally false, or, in the alternative, at least misleading, at least because they misrepresented the nature and characteristics of its goods and commercial activities.

161. Defendant has made these descriptions and statements in, and has engaged in, commercial advertising and promotion in interstate commerce, including at least through online advertisements and e-commerce storefronts, which are available to and directed to consumers in the United States and this District.

162. Defendant's false and misleading statements are material in that they are likely to influence the purchasing decisions of consumers, including by misrepresenting at least the nature, characteristics, and qualities of Defendant's goods and commercial activities.

163. Defendant's false and misleading statements have the tendency and capacity to deceive a substantial segment of Defendant's audience, the marketplace, and All Plastic's potential customers, and/or on information and belief, have actually deceived Defendant's customers, the marketplace, and All Plastic's potential customers.

164. On information and belief, Defendant's actions have caused and, unless enjoined, will continue to damage All Plastic and to cause All Plastic lost sales, diversion of customers, and substantial and irreparable harm to All Plastic and its business and reputation for which All Plastic has no adequate remedy at law.

165. On information and belief, Defendant's actions have caused at least one of All Plastic's customers to stop buying the Puffer Pod® display container from All Plastic and buy the Infringing Products from Defendant.

166. On information and belief, Defendant's false advertising has been intentional, willful, and malicious.

167. All Plastic is entitled to injunctive relief, and All Plastic is also entitled to recover at least Defendant's profits, All Plastic's actual damages, enhanced profits and damages, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## **Demand for Jury Trial**

All Plastic hereby demands a jury trial on all issues so triable.

## **Relief Sought**

WHEREFORE, All Plastic respectfully prays for:

1. Judgment that Defendant has infringed: (i) All Plastic's '069 Patent in violation of § 271 of Title 35 of the United States Code; (ii) All Plastic's '074 Patent in violation of § 271 of Title 35 of the United States Code; (iii) All Plastic's '909 Patent in violation of § 271 of Title 35 of the United States Code; (iv) All Plastic's '645 Patent in violation of § 271 of Title 35 of the United States Code; (v) All Plastic's '101 Patent in violation of § 271 of Title 35 of the United States Code; (vi) All Plastic's D'253 Patent in violation of § 271 of Title 35 of the United States Code; (vii) All Plastic's D'100 Patent in violation of § 271 of Title 35 of the United States Code; and (viii) engaged in false advertising in violation of § 1125(a) of Title 15 in the United States Code; and that all of these wrongful activities by Defendant were intentional, willful, and malicious.

2. An injunction against further infringement of All Plastic's patents, and further acts of false advertising by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283 and 15 U.S.C. § 1116;

3. An Order directing Defendant to recall all infringing products sold and/or distributed and to provide a full refund for all recalled infringing products;

4. An Order barring importation of the infringing products into the United States, and barring entry of the infringing products into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

5. An Order directing Defendant to destroy all infringing products in Defendant's possession, custody, or control and all molds or tooling for the infringing products, with destruction verified by local counsel and costs covered by Defendant;

6. An award of Defendant's profits, All Plastic's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1116, and 1117;

7. An award of damages adequate to compensate All Plastic for Defendant's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Defendant's profits from its patent infringements pursuant to at least 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

8. Such other and further relief as this Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

By: /s/ *Victoria R. M. Webb*

Victoria R. M. Webb (admitted in the Western District of Texas)
Illinois Bar No. 6286637
vwebb@bannerwitcoff.com
Binal Patel (*pro hac vice* forthcoming)
Illinois Bar No. 6237843
bpatel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Sydney Huppert (*pro hac vice* forthcoming)
District of Columbia Bar No. 90017904
shuppert@bannerwitcoff.com
BANNER & WITCOFF, LTD.
1100 13th Street, N.W.
Suite 1200
Washington, DC 20005

Telephone: (202) 824-3000
Facsimile: (202) 824-3001

**ATTORNEYS FOR ALL PLASTIC, INC. D/B/A BUD BAR DISPLAYS**